UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORMAN PETE | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2327 C/W<br>NO. 22-3041 |
| JOHN DOE, ET AL. | * | |
| | | SECTION "R" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Norman Pete, a prisoner housed at Rayburn Correctional Center, filed these *pro se* civil rights complaints pursuant to 42 U.S.C. § 1983, listing two unnamed supervisors at Rayburn Correctional Center and Warden Travis Day as defendants in Civil Action No. 2237 (see ECF No. 3, at 1, 2, 4). One month later, he filed a Statement of Facts and another form Complaint based on the same facts, which was docketed as Civil Action No. 22-3041 (ECF Nos. 3-1, 3). The second filing was docketed as a new complaint rather than as an amended complaint. Plaintiff paid and/or was assessed the $402 filing fee for both docketed matters.

In both cases, Plaintiff contends that, in connection with his state court divorce proceeding, the prison mailroom supervisor failed to train or supervise employees to properly mail out certified mailings and to provide him with copies.[1] Plaintiff argues that these actions violated his constitutional right of access to courts and that the defendants acted with deliberate indifference to his rights.[2] Plaintiff seeks punitive damages of $10,000 in Civil Action No. 22-2327 and $100,000 in Civil Action No. 22-3041.[3]

This matter was referred to the undersigned magistrate judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); E.D. La. L.R. 73.2(A).

---

[1] Civ. No. 22-2327, ECF No. 3 ¶ IV, at 4; Civ. No. 22-3041, ECF No. 3, ¶ IV, at 3.
[2] Civ. No. 22-2327, ECF No. 3 ¶ IV, at 4; Civ. No. 22-3041, ECF No. 3, ¶ IV, at 3.
[3] Civ. No. 22-2327, ECF No. 3 ¶ V, at 5; Civ. No. 22-3041, ECF No. 3, ¶ V, at 3.

I.    **FACTUAL BACKGROUND**

Plaintiff filed divorce proceedings in the 22nd Judicial District Court for the Parish of Washington, State of Louisiana, in January 2021.[4] He states that he was granted *in forma pauperis* status, but Rayburn Correctional was supposed to take partial payments from his prison account until the filing fee was paid, and it failed to make the partial payments, so he paid the full filing fee in April 2021.[5] Plaintiff was then ordered to serve his wife by certified mail and send the green card to the court as proof of mailing.[6] Plaintiff filled out a prison "withdraw form" and requested that the prison mailroom send the divorce papers to his wife via certified mail, but they sent it out via regular mail instead.[7] When Plaintiff requested copies of his withdraw form, the envelope marked return to sender, copies of his wife's sister's address and copies of his divorce papers, he learned that that mailroom had not made any copies and was told they "mailed all the papers out."[8] Plaintiff's grievance regarding this issue was denied.[9]

Plaintiff tried to serve his wife with divorce papers a second time. The prison staff wrote certified mail on the withdraw form and charged Plaintiff $7.38 for that mailing. However, the prison staff again mailed the documents via regular mail instead of certified mail.[10] Plaintiff was going to try to serve his wife via certified mail a third time and obtained green cards from the 22nd Judicial District Court, but he then learned that his wife had died on November 18, 2010, so he dismissed the divorce proceeding.[11]

---

[4] Civ. No. 22-2327, ECF No. 3-2, at 2; Civ. No. 22-3041, ECF No. 3-1, at 1.
[5] Civ. No. 22-2327, ECF No. 3-2, at 2; Civ. No. 22-3041, ECF No. 3-1, at 1.
[6] Civ. No. 22-2327, ECF No. 3-2, at 2; *see also* ECF No. 3-2, at 2.
[7] Civ. No. 22-2327, ECF No. 3-2, at 2; Civ. No. 22-3041, ECF No. 3-1, at 2.
[8] Civ. No. 22-3041, ECF No. 3-1, at 2.
[9] Civ. No. 22-2327, ECF No. 3-2, at 2; Civ. No. 22-3041, ECF No. 3-1, at 2.
[10] Civ. No. 22-3041, ECF No. 3-1, at 2-3.
[11] *Id.* at 3.

## II.     LEGAL STANDARDS

As a prisoner seeking redress from an officer or employee of a governmental entity, Pete's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[12]  Section 1915A provides for sua sponte dismissal of a complaint, or any portion thereof, if it is frivolous or malicious or it fails to state a claim upon which relief may be granted.

### A.     Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[13]  A claim is frivolous if it "lacks an arguable basis in law or fact."[14]  A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[15]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[16]  A court may not dismiss a claim simply because the facts are "unlikely."[17]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in

---

[12] *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam).
[13] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F. 3d at 579-80.
[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted).  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[15] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[16] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[17] *Id.*

the complaint are true, even if doubtful.[18] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[19] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[20]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[21] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[22]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[23] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and

---

[18] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[19] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[20] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).
[21] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[22] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[23] *Moore*, 976 F. 2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

§1915(e).[24]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[25]

### B. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[26]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[27]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[28]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[29] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[30]  "The traditional definition of acting under color of state law

---

[24] *Id.*
[25] *Id.*
[26] 42 U.S.C. § 1983.
[27] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[28] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).
[29] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).
[30] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

5

requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[31]

### C. Right of Access to Courts

Prisoners, including pretrial detainees,[32] have a constitutional right of meaningful access to the courts.[33] The right to access courts is "incorporated into the First Amendment right to petition the government for redress of grievances," applicable through the Fourteenth Amendment.[34] In *Bounds v. Smith*, the Supreme Court outlined the contours of a prisoner's constitutional to "meaningful access to the courts."[35] To provide meaningful access to courts, prisons must provide the legal materials and "tools . . . that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."[36] The right does not guarantee any particular methodology, and prisons have "considerable" discretion in providing legal resources to prisoners.[37]

In *Lewis*, the Supreme Court limited the holding of *Bounds* by disclaiming statements in other cases suggesting that the state "must enable the prisoner to discover grievances, and to litigate effectively once in court."[38] The Court explained:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates

---

[31] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).
[32] *Wetzel v. Strain*, No. 9-7048, 2010 WL 744993, at *3 (E.D. La. Feb. 26, 2010) (citations omitted).
[33] *Mendoza v. Strickland*, 414 F. App'x 616, 618 (5th Cir. 2011) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *abrogated by Lewis v. Casey*, 518 U.S. 343 (1996)).
[34] *Hamilton v. Gautreaux*, No. 16-117, 2016 WL 6306107, at *2 (M.D. La. Oct. 6, 2016) (citing *Driggers v. Cruz*, 740 F.3d 333, 336-37 (5th Cir. 2014) (citing *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731 (1983))), *R.&R. adopted*, 2016 WL 6398914 (M.D. La. Oct. 26, 2016).
[35] *Bounds v. Smith*, 430 U.S. 817, 824 (1977), *abrogated by Lewis v. Casey*, 518 U.S. 343 (1996).
[36] *Lewis*, 518 U.S. at 355 (internal quotations and citation omitted).
[37] *James v. Mendoza*, No. 8-253, 2008 WL 4858372, at *4 (S.D. Tex. Nov. 10, 2008) (citing *Lewis*, 518 U.S. at 356; *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).
[38] *Lewis*, 518 U.S. at 353 (emphases in original).

> need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.[39]

A divorce proceeding is not an attack on a sentence or confinement condition that triggers protections of Plaintiff's right to meaningful access to the courts.[40] Thus, contrary to Plaintiff's assertion, *Bounds* does not provide an inmate with a constitutional right of access to courts for ordinary civil proceedings, such as divorce. Rather, a prisoner's constitutional right of access to courts is limited to allowing opportunities to file nonfrivolous claims challenging convictions or conditions of confinement.[41]

Further, prisoners who allege their right to access courts has been violated must also demonstrate actual injury, such as loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding,[42] resulting from denial of access to courts.[43] "[A]n inmate cannot demonstrate the requisite actual injury for an access-to-courts claim 'simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense[,]'" rather a prisoner must establish that his

---

[39] *Id.* at 355.
[40] *Lewis v. Casey*, 518 U.S. 343, 355 (1996); s*ee also Loden v. Hayes*, 208 F. App'x 356, 359 (5th Cir. 2006) (recognizing that inmate has no constitutional right to legal material to help with his divorce proceedings); *Jones,* 188 F.3d at 325 (observing that right of access to the court "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (citations omitted); *Johnson v. Rodriguez*, 110 F. 3d 299, 311 (5th Cir. 1997) (holding that secondary legal activity not protected by constitution).
[41] *Clewis v. Hirsch,* 700 F. App'x 347, 348-49 (5th Cir. 2017) (rejecting access to courts claim involving destruction of legal materials pertaining to inmate's father's succession); *see also Jones*, 188 F.3d at 325.
[42] *Galloway v. Nesbit*, No. 3:20-170, 2020 WL 6704568, at *1 (citing *Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970)), *appeal dismissed*, 2021 WL 5917113 (5th Cir. 2021).
[43] *Id.* (citing *Walker v. Navarro Cnty. Jail,* 4 F.3d 410, 413 (5th Cir. 1993); *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987)).

efforts to pursue a nonfrivolous action were hindered.[44]  Without a showing of this actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.[45]

### D.     Punitive Damages

To recover punitive damages, a plaintiff must show that "the official conduct [was] 'motivated by evil intent' or demonstrate[d] 'reckless or callous indifference' to a person's constitutional rights."[46]  Reckless or callous indifference "requires 'recklessness in its subjective form,' i.e., 'a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations."'"[47]

## III.    ANALYSIS

Plaintiff's divorce proceeding is not a direct or collateral attack on his sentence nor is it a challenge to his conditions of confinement.  Thus, it does not fall within parameters of the constitutional right of access to courts, as expounded by *Bounds* and *Lewis*.  Further, Plaintiff cannot establish that he suffered any actual injury.  Even if his divorce proceeding were delayed as a result of the prison mailroom's mailing errors or failure to provide copies of documents, Plaintiff's wife had died on November 18, 2010 (ECF No. 3-1, at 3), which was ten years before he sought to initiate his divorce proceeding.  Therefore, he cannot establish any actual injury resulting from any error or delay in attempting to prosecute his divorce proceeding in April 2021.

---

[44] *Brantner v. Freestone Cnty. Sheriff's Off.,* No. 20-50528, 2022 WL 2077960, at *3 (5th Cir. 2022) (citing *Lewis*, 518 U.S. at 351; *DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019)).
[45] *Weathers v. Doe*, No. 08-54, 2008 WL 1924231, at *2 (S.D. Tex. Apr. 29, 2008) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)) ("To meet the standing requirement, plaintiff 'must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief' . . . Plaintiff 'must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him.'").
[46] *Moore v. LaSalle Mgmt. Co., L.L.C.*, 41 F.4th 493, 513 (5th Cir. 2022) (quoting *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994)).
[47] *Id.* (citing *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (quotation omitted)).

And because he cannot establish a violation of any constitutional right, he is not entitled to any damages, including punitive damages.

Plaintiff's effort to provide additional information and/or to amend his complaint should not have been docketed as an entirely separate matter for which he was again charged an initial filing fee. Rather, it should have been docketed as an Amended Complaint, which has no additional filing fee.

## IV.  CONCLUSION

Plaintiff Norman Pete's § 1983 claim is frivolous and fails to state a claim upon which relief can be granted because he has no constitutional right of access to courts in connection with a divorce proceeding. Accordingly, Plaintiff's cases should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A as the claims are frivolous and fail to state a claim upon which relief may be granted.

## V.  RECOMMENDATION

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Norman Pete's § 1983 complaints filed in these consolidated cases be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A as frivolous and for failure to state a claim for which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint in Civil Action No. 22-3041 be docketed as an amended complaint in Civil Action No. 22-2327, that all filings in 22-3041 be docketed in 22-2327, and that Plaintiff be refunded any portion of the filing fee already paid in connection with Civil Action No. 22-3041 and that no further payments be accepted by the Clerk of Court for the filing of that second docketed civil action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[48]

New Orleans, Louisiana, this 12th day of October, 2022.

                                                   DONNA PHILLIPS CURRAULT
                                             UNITED STATES MAGISTRATE JUDGE

---

[48] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (referencing the previously applicable ten-day period for the filing of objections). Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the objection period to fourteen days.