UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORMAN PETE | CIVIL ACTION |
| VERSUS | NO. 22-2327 |
| JOHN DOE, ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Plaintiff Norman Pete, a prisoner housed at the Rayburn Correctional Center proceeding *pro se*, brings suit under 42 U.S.C. § 1983, listing two unnamed supervisors at the Rayburn Correctional Center and Warden Travis Day as defendants.[1] Plaintiff alleges that defendants violated his federal constitutional right of meaningful access to the courts by failing to train or supervise employees to properly mail out certified mailings related to plaintiff's divorce proceeding and by failing to provide him with requested copies of documents.[2] On October 12, 2022, Magistrate Judge Donna Phillips Currault issued a Report and Recommendation ("R&R"), recommending that plaintiff's consolidated cases be dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted because he has no constitutional right of access to courts in

---

[1]     R. Doc. 3.
[2]     *Id.*

connection with a divorce proceeding.[3] *See* 28 U.S.C. § 1915A. Plaintiff timely filed an objection, as amended, to the R&R.[4] In his objection, plaintiff quotes multiple portions of *Christopher v. Harbury*, 536 U.S. 403 (2002), apparently in support of the proposition that denial-of-access cases extend to "civil suits asserting family-law rights." *Id.* at 413.

The Court has reviewed *de novo* plaintiff's complaint, the record, the applicable law, the Magistrate Judge's R&R, and plaintiff's objection. The Magistrate Judge correctly determined that plaintiff's allegations that defendants have violated his constitutional rights are frivolous and fail to state a claim upon which relief can be granted. Moreover, plaintiff's objections are meritless, as plaintiff misstates the law as written in *Harbury*, wherein the U.S. Supreme Court referenced "civil suits asserting family-law rights" merely as an example of the types of "denial-of-access cases challenging filing fees that poor plaintiffs cannot afford to pay." *Id.* The U.S. Supreme Court and Fifth Circuit have repeatedly recognized that a prisoner's constitutional right of access to courts is limited to claims challenging a sentence or conditions of confinement, not general civil legal matters such as divorce proceedings. *See Lewis v. Casey*, 518 U.S. 343, 355-56 (1996); *Loden*

---

[3] R. Doc. 5.
[4] R. Doc. 8.

2

*v. Hayes*, 208 F. App'x 356, 359 (5th Cir. 2006); *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999); *Clewis v. Hirsh*, 700 F. App'x 347, 348-49 (5th Cir. 2017).

Plaintiff's objection is thus overruled, and his complaint is dismissed with prejudice for the reasons given in the Magistrate Judge's well-reasoned R&R. *Cf. Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (stating there is no requirement that the district court reiterate the findings of the Magistrate Judge). The Court adopts the Magistrate Judge's R&R as its opinion.

Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __13th__ day of June, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE